In re: **SCHERING MARKETING AND SALES PRACTICES LITIGATION (NO. II).**

**No. MDL NO. 1857.**

United States Judicial Panel on Multidistrict Litigation.

Aug. 16, 2007.

**TRANSFER ORDER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel** [*]: Plaintiffs in an action recently transferred under 28 U.S.C. § 1404(a) to the District of New Jersey have moved, pursuant to 28 U.S.C. § 1407, for centralization of their action then-pending in the District of Arizona and an action pending in the District of New Jersey for coordinated or consolidated pre-trial proceedings in the District of Arizona or, alternatively, the District of Massachusetts. On July 13, 2007, we amended [1] our hearing session order adding three related actions to the hearing in this matter, because all parties had filed responses with us and had requested oral argument at our July 2007 hearing session. All responding parties now agree that Section 1407 centralization is appropriate and variously support selection of the Southern District of Florida, the District of Massachusetts or the District of New Jersey as transferee district.

This litigation presently consists of five actions listed on Schedule A and pending in three districts as follows: two actions each in the District of Massachusetts and the District of New Jersey and one action in the Southern District of Florida.[2]

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions arise from allegations that Schering–Plough Corp. improperly engaged in

[*] Judge Scirica took no part in the disposition of this matter.

1. In light of the fact that MDL No. 1857 was already set for the July 26, 2007, hearing session, this amendment was issued in lieu of an order to show cause.

2. The Panel has been notified that a related action has recently been filed in the District of Massachusetts. This action will be treated as a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

the promotion of certain prescription medications[3] for off-label purposes. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are also persuaded that the District of New Jersey is an appropriate transferee district for pretrial proceedings in this litigation, because (1) two related actions have been originally filed there and three other related actions (originally filed in the District of Arizona or the Eastern District of Pennsylvania) have been transferred there under 28 U.S.C. § 1404(a),[4] and (2) pretrial proceedings in the actions now pending in the District of New Jersey are already underway before Judge Stanley R. Chesler. We express every confidence in Judge Chesler's ability to fully integrate all actions in MDL No. 1857.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Stanley R. Chesler for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

### SCHEDULE A

*Southern District of Florida*

*John Hutson, etc. v. Schering–Plough Corp., et al.,* C.A. No. 1:07–21052

3. Temodar, Intron A, Eulexin, Fareston, PEG–Intron, Rebetol and/or Integrilin.

4. The District of New Jersey *International Brotherhood* action now before the Panel is a

*District of Massachusetts*

*Harold Estelle v. Schering–Plough Corp., et al.,* C.A. No. 1:07–10817

*Angela F. Montgomery v. Schering–Plough Corp., et al.,* C.A. No. 1:07–10891

*District of New Jersey*

*International Brotherhood of Teamsters Local No. 331 Health & Welfare Trust Fund, et al. v. Schering Plough Corp., et al.,* C.A. No. 2:06–5774

*Beryl A'Dare Bratton, et al. v. Schering–Plough Corp., et al.,* C.A. No. 2:07–3861 (formerly D. Arizona, C.A. No. 2:07–653)

Before the entire Panel *: This motion is brought pursuant to 28 U.S.C. § 1407 by consolidation of the two actions originally filed in that district and two other actions transferred there under Section 1404(a) from the Eastern District of Pennsylvania.